UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
ALTAUNE BROWN,                                                         :
:
                                          Plaintiff,                   :
:
                                                                       :           19-cv-7158 (LJL)
                            -v-                                        :
                                                                       :           OPINION AND ORDER
GOOD FRIENDSHIP DELI & TOBACCO CORP and                                :
3650 WHITE PLAINS CORP.,                                               :
:
                                          Defendants.                  :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/07/2021__

LEWIS J. LIMAN, United States District Judge:

Plaintiff Altaune Brown ("Brown" or "Plaintiff") sued defendants Good Friendship Deli

& Tobacco Corp ("Good Friendship Deli") and 3650 White Plains Corp. ("White Plains Corp."

and, collectively with Good Friendship Deli, "Defendants") under the Americans with

Disabilities Act, the New York City Human Rights Law, and the New York State Human Rights

Law.  Dkt. No. 1 ("Complaint" or "Compl.").  Plaintiff now moves for default judgment pursuant

to Federal Rule of Civil Procedure 55(b)(2).  Dkt. No. 26.  For the following reasons, the motion

is granted in part and denied in part.

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint and are accepted as true for

purposes of this motion.

Plaintiff Brown is a paraplegic and uses a wheelchair for mobility.  Compl. ¶ 11.  On or

about July 11, 2019, Plaintiff attempted to enter the premises at 3650 White Plains Rd., Bronx,

New York 10467 (the "Premises"), which is an establishment that provides goods and services to

the public.  *Id.* ¶¶ 3, 7, 12.  However, because of the architectural barriers at the entrance of the

store—steps at the main and only entrance—Plaintiff "was denied fully and equal access to, and

full and equal enjoyment of, the facilities" at the Premises. *Id.* ¶ 12. The Premises began operations and/or underwent substantial remodeling, repairs, and/or alterations after January 26, 1990. *Id.* ¶ 16.

Defendants are both domestic business corporations authorized to conduct business within the State of New York. *Id.* ¶ 5. Good Friendship Deli maintains and controls the Premises and is the lessee and/or operator of the real property where the Premises is located. *Id.* ¶ 6. White Plains Corp. is the owner, lessor, and/or operator and managing agent of the real property where the Premises is located and also maintains and controls the Premises. *Id.* ¶ 8.

## PROCEDURAL HISTORY

Plaintiff filed the Complaint in this Court on July 31, 2019. Dkt. No. 1. The first claim alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, for failing to provide an accessible entrance at street level and a safe and accessible means of egress for emergencies; having inaccessible merchandise displays and shelves throughout the Premises; having an inaccessible check-out counter; failing to provide adequate directional and accurate information signage throughout the Premises; and failing to provide signage informing people with disabilities that accessible services are provided. *Id.* ¶ 21. The second and third claims allege that Defendants are in violation of the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL") by denying Plaintiff full and safe access to all the benefits, accommodations, and services of the Premises. *Id.* ¶¶ 28, 34. Plaintiff seeks injunctive and declaratory relief under the ADA requiring Defendants to alter the Premises to make them readily accessible to individuals with disabilities; compensatory damages for violations under the NYCHRL and the NYSHRL; and reasonable attorneys' fees and costs. *Id.* ¶¶ 35-37. Defendants were served a copy of the summons and Complaint on September 5, 2019. Dkt. Nos. 6-7.

Although defendant Good Friendship Deli has not responded or appeared in this case, defendant White Plains Corp. filed an answer to the Complaint on December 31, 2019.  Dkt. No. 16.  Two months later, on February 19, 2020, however, counsel for White Plains Corp. moved to withdraw from its representation of White Plains Corp. in this action, Dkt. No. 18, and submitted sworn statements attesting to White Plains Corp.'s failure to communicate or cooperate with counsel, Dkt. No. 19.

Finding sufficient grounds for counsel to withdraw from its representation of White Plains Corp., the Court granted counsel's motion on March 12, 2020 on two conditions:  (1) that the withdrawal not be effective until April 12, 2020; and (2) that defense counsel serve a copy of the Court's order and file proof of service with the Court.  Dkt. No. 21.  The Court also put both corporate Defendants "on notice that they must retain counsel if they wish to defend," *id.*, as "[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55," *id.* (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (citations omitted)).  The Court continued:  "If counsel does not enter an appearance on behalf of corporate [D]efendants in this case by April 12, 2020, the Court will entertain a motion for default judgment against Good Friendship Deli . . . and White Plains Corp."  *Id.*  The Court's March 12, 2020 order was served on White Plains Corp. that same day.  Dkt. No. 22.

Almost eleven months later, on February 2, 2021, Plaintiff requested a Clerk's Certificate of Default as to both Defendants, Dkt. No. 23, but the filing was rejected by the Clerk's Office because an answer had been filed by one of the Defendants for which a default was sought.  Plaintiff did not address the deficient docket entry.  Instead, two months later, on April 23, 2021,

3

Plaintiff moved for default judgment as to both Defendants.  Dkt. No. 26.  A few months later, on July 8, 2021, Plaintiff requested a Clerk's Certificate of Default only as to Good Friendship Deli, Dkt. No. 29, which was then issued, Dkt. No. 31.

The Court scheduled a hearing on Plaintiff's motion for default judgment and ordered Plaintiff to serve on Defendants the motion for default judgment and supporting papers and the Court's order setting the date and time for the hearing.  Dkt. No. 32.  Plaintiff's counsel filed proof of such service on the docket.  Dkt. No. 33.  The Court held the hearing on December 7, 2021, and Defendants failed to appear.

### LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a).  The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings.  *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).  Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law.  *See Mickalis Pawn Shop*, 645 F.3d at 137.

While a defendant who defaults admits the well-pleaded factual allegations in a complaint, because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action."  *Id.* (internal quotation marks and

citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Group Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and a plaintiff "must therefore substantiate [her] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (summary order).

## DISCUSSION

### I.    Entry of Default

Entry of default under the first step of Federal Rule of Civil Procedure 55 was not properly obtained prior to Plaintiff's motion for default judgment: the Clerk's entry of default as to Good Friendship Deli occurred after Plaintiff moved for default judgment; and no entry of default was ever issued as to White Plains Corp. Plaintiff's failure to obtain entry of default prior to moving for default judgment, however, does not preclude the availability of a default judgment.

First, as to Good Friendship Deli, a defendant that neither answered nor appeared in this case, the Court excuses Plaintiff's failure to obtain entry of default prior to moving for default judgment. "Although an application for entry of default should be made before a motion for entry of default judgment, courts will generally excuse a failure to obtain entry of default before the motion for default judgment is made." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009) (citing *Hirsch v. Innovation Int'l, Inc.*, at *1-2 (S.D.N.Y. Oct. 15, 1992)). Though Plaintiff did not receive entry of default as to Good Friendship Deli prior to moving for default judgment, the Clerk's Office did eventually issue the entry of default. *See Hirsch*, 1992 WL 316143, at *1 ("Rigid adherence to [Rule 55's] rules, however, must be balanced against the need for efficient administration of justice.").

Second, entry of default as to White Plains Corp. is appropriate notwithstanding its filing of an answer by counsel who subsequently withdrew. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). "To be sure, the 'typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (alteration in original) (quoting *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986)). "Nonetheless, a district court is also empowered to enter a default against a defendant that has failed to . . . 'otherwise defend.'" *Id.* (internal quotation marks and alteration omitted). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *Id.* For example, the Second Circuit held that where a limited partnership defendant "had willfully disregarded the district court's order that the defendant appear through counsel, the court was

justified in imposing default." *Mickalis Pawn Shop*, 645 F.3d at 130 (discussing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991)).  "It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Sec. & Exch. Comm'n v. Rsch. Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (citations omitted); *see also Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) (same).

Here, the Court's March 12, 2020 order put both corporate Defendants "on notice that they must retain counsel if they wish to defend" and that "[i]f counsel does not enter an appearance on behalf of corporate [D]efendants in this case by April 12, 2020, the Court will entertain a motion for default judgment" against both Defendants.  Dkt. No. 21.  Counsel did not enter an appearance on behalf of Defendants by that deadline and has still not done so.  Thus, for over thirteen months prior to Plaintiff's motion for default judgment, Defendants were on notice by this Court to appoint counsel.  "Without question, such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Shapiro, Bernstein & Co. v. Cont'l Rec. Co.,* 386 F.2d 426, 427 (2d Cir. 1967).  The Court therefore enters default against defendant White Plains Corp. *See Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997) ("Since the court has the authority to enter a judgment by default, it impliedly has the power to perform the ministerial function assigned to the clerk of entering default.").

Having addressed entry of default, the Court turns to the merits of Plaintiff's motion for default judgment.

## II.   Liability

Plaintiff's allegations are sufficient to establish liability.  Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of

the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a Title III claim, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

Here, Plaintiff has properly alleged that he is disabled under the ADA. Plaintiff has also properly alleged that the Premises is a place of public accommodation under the ADA. *See* 42 U.S.C. § 12181(7)(E)-(F). Plaintiff has also properly alleged discrimination by providing factual allegations regarding the steps at the main and only entrance to the Premises. *See also id.* § 12182(b)(2)(A)(iv) (providing that discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable"); 28 C.F.R. § 36.304(c)(1) ("[A] public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp . . . .").

However, the Complaint's allegations as to the barriers within the Premises, *see* Compl. ¶ 21, lack sufficient detail and factual content to merit default judgment. For example, there are no allegations detailing how the merchandise displays, shelves, and check-out counter fail to accommodate Plaintiff. As these allegations relating to the barriers within the Premises are conclusory, default judgment is not warranted. *See, e.g.*, *Brown v. 3700 Deli & Grocery Inc.*, 2021 WL 289349, at *2 (S.D.N.Y. Jan. 27, 2021).

Accordingly, default judgment is granted as to the ADA claims relating to the steps at the main and only entrance to the Premises but is denied as to the other alleged barriers inside the Premises.  The result is the same for Plaintiff's NYCHRL and NYSHRL claims.  *See id*.

### III.   Declaratory Relief

For the reasons above, the Court grants Plaintiff's request for declaratory relief that Defendants violated the ADA because the steps at the main and only entrance of the Premises constitute an illegal barrier.  The Court does not grant Plaintiff's request for injunctive relief under the ADA, 42 U.S.C. § 12188(a)(2), as to the steps in the absence of a showing of a current need for such relief.  The Court denies Plaintiff's request for declaratory and injunctive relief as to the barriers within the Premises.

### IV.   Damages

Plaintiff seeks $1,000 in compensatory damages based on Defendants' violation of the NYCHRL and the NYSHRL.  While the ADA does not provide for damages, the NYCHRL and the NYSHRL do.  *See Phillips v. Pizza*, 2018 WL 2192189, at *2 (S.D.N.Y. May 14, 2018). "Courts in this district have awarded $1000 as compensatory damages for violations similar to this one, where no particular damages have been established."  *Brown*, 2021 WL 289349, at *2. Accordingly, the Court awards $1,000 in damages to Plaintiff.

### V.   Attorneys' Fees and Costs

Plaintiff requests that the Court permit Plaintiff to file a motion for attorneys' fees and costs within ninety (90) days from entry of judgment.  Dkt. No. 26 ¶ 4.  The Court grants this request and orders that such motion to be filed within that timeframe.

## CONCLUSION

The motion for default judgment is GRANTED IN PART and DENIED IN PART. Default judgment is entered against Defendants Good Friendship Deli & Tobacco Corp and 3650

White Plains Corp.  Plaintiff is granted declaratory relief that Defendants violated the ADA because the steps at the main and only entrance of the Premises constitute an illegal barrier. Plaintiff is awarded $1,000 in compensatory damages.  Plaintiff shall file a motion for attorneys' fees and costs within ninety (90) days of entry of this Order.

Plaintiff is directed to serve a copy of this Order on Defendants within one week of entry of this Order.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 26.

SO ORDERED.

Dated: December 7, 2021
        New York, New York
                                             LEWIS J. LIMAN
                                   United States District Judge